**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4530**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAAD SUBHI BASHA,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:16-cr-00059-FDW-1)

Submitted: May 31, 2017                                           Decided: June 8, 2017

Before NIEMEYER, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frank A. Abrams, LAW OFFICE OF FRANK ABRAMS, PLLC, Arden, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Saad Subhi Basha pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 846 (2012), and conspiracy to engage in money laundering, in violation of 18 U.S.C. § 1956(h) (2012). The district court sentenced Basha to 30 months' imprisonment. On appeal, Basha challenges his convictions, arguing that one of his attorneys, Anthony Brooklier, rendered ineffective assistance and that the Government engaged in misconduct. Basha also moves for leave to attach a document to his opening brief.

The record on appeal consists of: "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). The rules provide, however, that the record may be supplemented if "anything material to either party is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e)(2). Basha moves for leave to supplement the record with a document that does not fall into any of the Rule 10(a) categories and apparently was not omitted from or misstated in the record by error or accident. Accordingly, we deny Basha's motion.

To succeed on his ineffective assistance of counsel claims, Basha must show that Brooklier's performance was constitutionally deficient and the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691-92 (1984). Moreover, "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal" and "should be raised, if at all, in a

2

28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 507–08 (4th Cir. 2016). To prevail on his prosecutorial misconduct claim, Basha must demonstrate both that the prosecutor's conduct was improper and that the conduct prejudicially affected his substantial rights. *United States v. Caro*, 597 F.3d 608, 624-25 (4th Cir. 2010). Because Basha did not raise a prosecutorial misconduct claim in the district court, our review is for plain error. *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005); *see Henderson v. United States*, 133 S. Ct. 1121, 1126-27 (2013) (describing plain error review).

We have found no evidence in the current record supporting Basha's ineffective assistance and prosecutorial misconduct claims. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*